# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID WARE, <br><br> Petitioner, <br><br> vs. <br><br> SCOTT R. FRAKES, <br><br> Respondent. | 8:17CV85 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Petition for Writ of Habeas Corpus, ECF No. 1, filed by David Ware. For the reasons stated below, the Petition will be denied.

## BACKGROUND

On April 13, 1984, Petitioner David Ware was convicted of first degree murder and later received a mandatory life sentence. The Nebraska Supreme Court affirmed his conviction and sentence. *State v. Ware*, 365 N.W.2d 418 (Neb. 1985). Ware was eighteen years old when he committed the murder.

On August 16, 2012, Ware filed a motion for postconviction relief with the District Court for Douglas County, Nebraska, asserting his life sentence was unconstitutional under *Miller v. Alabama*, 567 U.S. 460 (2012). In *Miller*, the Supreme Court held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 465. The district court denied Ware's postconviction motion for resentencing and the Nebraska Supreme Court affirmed because Ware was over eighteen when he committed the murder and "*Miller* applies to those individuals who were under the age of

18 at the time a crime punishable by a life sentence without the possibility of parole was committed." *State v. Ware*, 870 N.W.2d 637, 640 (Neb. 2015).

Ware filed his habeas Petition with this Court on March 20, 2017, arguing his sentence violates the Eighth Amendment's prohibition on cruel and unusual punishments after *Miller*. The Petition has been fully briefed and is ripe for review.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(b)(1), when a state court provides an effective and available corrective process, a federal court may not grant habeas relief if the petitioner failed to "exhaust[] the remedies available in the courts of the State." State courts are entitled to "one full opportunity to resolve any constitutional issues;" thus, a petitioner must "invoke one complete round of the State's established appellate review process before [the petitioner] present[s] those issues in an application for habeas relief in federal court." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "A [petitioner] is not required to pursue 'extraordinary' remedies outside of the standard review process, but he 'must seek the discretionary review of the state supreme court when that review is part of the ordinary and established appellate review process in that state.'" *Id.* (quoting *Dixon v. Dormire*, 263 F.3d 774, 777 (8th Cir.2001)). A failure to exhaust available state court remedies properly within the allotted time "results in procedural default of the [petitioner's] claims." *Id.*

Under 28 U.S.C. § 2254(d), federal courts conduct "only a limited and deferential review of underlying state court decisions" giving deference to "decision[s] by a state court 'with respect to any claim that was adjudicated on the merits in State court proceedings.'" *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011) (quoting *Collier v. Norris*, 485

2

F.3d 415, 421 (8th Cir. 2007)). Even if a petitioner has exhausted available state court remedies, the petitioner is still precluded from habeas relief unless a state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The burden is on the petitioner to prove that a state court's "application of Supreme Court holdings [was] [ ] 'objectively unreasonable,' not merely wrong." *Ervin v. Bowersox*, 892 F.3d 979, 983 (8th Cir. 2018) (quoting *White v. Woodall*, 572 U.S. 415, 134 S. Ct. 1697, 1702 (2014)). "A state court 'unreasonably applies' Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Bowersox*, 892 F.3d at 983 (quoting *Worthington*, 631 F.3d at 495). A federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

"Absent state court adjudication [of a particular claim], a federal habeas court [should] apply *de novo* review." *Worthington*, 631 F.3d at 495; *see also Gabaree v. Steele*, 792 F.3d 991, 999 (8th Cir. 2015) (citing *Rompilla v. Beard*, 545 U.S. 374, 390 (2005)).

## DISCUSSION

Ware contends that his mandatory life sentence violates the Eighth Amendment's prohibition on cruel and unusual punishments because, although he was over eighteen

3

when he committed the crime for which he was sentenced, he was still a minor under Nebraska law, which set the age of majority at nineteen. He bases this claim on the Supreme Court's decision in *Miller*. Defendant Scott Frakes argues the Petition should be denied because it is untimely, and it lacks merit under 28 U.S.C. § 2254(d).

**I. Timeliness**

Ware's Petition was not filed within the one-year limitations period provided in 28 U.S.C. § 2244(d). That Section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Ware attempts to assert a constitutional right newly recognized by the Supreme Court in *Miller*, 567 U.S. 460, and made retroactively applicable by the Court in *Montgomery v. Louisiana*, __U.S.__, 136 S. Ct. 718 (2016). Thus, § 2244(d)(1)(C)

4

controls the timeliness of the Petition. The timeliness of Ware's federal habeas Petition depends on whether it was filed within one year from the date *Miller* was decided, not counting the time during which Ware's state post-conviction proceeding was pending. 28 U.S.C. § 2244(d)(1)(C) & (2). See also *Dodd v. United States*, 545 U.S. 353, 357 (2005) (stating the one-year limitations period runs from the date on which the right asserted was recognized, not the date on which it was made retroactively applicable).

*Miller* was decided on June 25, 2012, and Ware filed his federal habeas Petition on March 20, 2017—1,729 days later. He filed his application for state post-conviction relief on August 16, 2012, and the Nebraska Supreme Court issued its mandate denying relief on November 18, 2015—1,189 days later. See *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (measuring the pendency of a state post-conviction proceeding under § 2244(d)(2) from the date of filing to the date the state's highest court issues its mandate). Excluding the time during which Ware's state post-conviction proceeding was pending, his federal habeas Petition was filed more than one year—540 days—after *Miller* was decided. Therefore, it is not timely under § 2244(d).

## II. Merits

Even if Ware's Petition were timely, it lacks merit under § 2254(d). The Nebraska Supreme Court rejected Ware's argument that because he was a minor under Nebraska law when he committed the offense for which he received a mandatory life sentence, he is entitled to relief under *Miller*. *State v. Ware*, 870 N.W.2d 637, 639-40 (Neb. 2015). The Court reasoned that Ware was over eighteen when he committed the crime for which he was sentenced and, "[b]y its very language, *Miller* applies to those individuals who were under the age of 18 at the time a crime punishable by a life sentence without the possibility

5

of parole was committed." *Id.* at 640; *see also Miller*, 567 U.S. at 465 ("We therefore hold that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'").[1] This was a reasonable application of *Miller* to Ware's case. *See Bowersox*, 892 F.3d at 983.

Accordingly,

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, ECF No. 1, filed by David Ware, is denied; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 19th day of July, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[1] Ware argues that because the Court's opinion subsequently stated "[w]e therefore hold that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for *juvenile* offenders[ ]"—without specifically defining a juvenile as a person under the age of eighteen— and because Ware was a juvenile under Nebraska law when he committed the crime for which he was sentenced, he is entitled to relief under *Miller*. 567 U.S. at 479 (emphasis added); Petitioner's Br., ECF No. 3, Page ID 24.